UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BENNETT,

                Petitioner,              Case No. 2:17-cv-11251
                                        Hon. Arthur J. Tarnow
v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF
HABEAS CORPUS**

Federal prisoner Donald Bennett ("Petitioner"), currently confined at the
Federal Correctional Institution in Milan, Michigan, has filed a pro se Petition for a
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal
sentence.

I. Background

Bennett was convicted in 1989 in the United States District Court for the
Northern District of Illinois of conspiracy to commit bank robbery, five counts of bank
robbery, and five counts of using a firearm during the commission of a crime of
violence. 18 U.S.C. § 924(c). Several of the bank robberies and firearm offenses
were committed prior to December 1, 1987, the effective date of the Sentencing
Reform Act. See *Bennett v. Terris*, 2014 WL 128291, *1 (E.D. Mich. Jan. 14, 2014).

As a result of his convictions, Bennett was sentenced to five concurrent terms
of 60 months for the conspiracy and robbery convictions, a mandatory consecutive

sentence of five years for the one of the firearm convictions, and to four mandatory consecutive ten year sentences for the other firearm convictions. Bennett's convictions and sentences were affirmed by the United States Court of Appeals for the Seventh Circuit. *United States v. Bennett*, 908 F.2d 189, 194 (7th Cir. 1990).

## II. Discussion

Bennett brings this action as a habeas petition under 28 U.S.C. § 2241. He asserts that he is entitled to relief in light of the recent Supreme Court decision in *Dean v. United States*, 137 S. Ct. 1170, 1174 (Apr. 3, 2017). *Dean* interpreted the mandatory consecutive requirement of section 924(c), and it held that "in calculating the sentence" for the predicate offense, a judge need not "ignore the fact that the defendant will serve the mandatory minimums imposed under section 924(c)." *Dean* found that a sentencing judge has discretion to consider the total sentence to be served by a defendant, including the mandatory minimum sentences for section 924(c) convictions, when it determines the length of sentences for convictions that do not have mandatory minimums. Bennett argues that he is entitled to retroactive application of *Dean* in this section 2241 proceeding because the limitations imposed on filing successive section 2255 proceedings prevent him from filing for relief in the trial court.

Bennett is not entitled to application of *Dean* in this action. "A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus

petition pursuant to section 2255, while a petition concerning the manner or execution of a sentence is appropriate under section 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); see also *Charles v. Chandler*, 180 F.3d 753,755-56 (6th Cir. 1999)(noting that "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241") (internal citations omitted).

Bennett is challenging the legality of his sentence as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his claim is a motion to vacate, set aside, or correct the sentence under section 2255. He may bring his claim under section 2241 only if his claim falls within the "savings clause" of section 2255, which permits a prisoner to apply for the writ of habeas corpus when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The petitioner carries the burden to establish that the savings clause applies to his petition and "[t]he circumstances in which section 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. . . . section 2255 is not

"inadequate or ineffective" merely because habeas relief has previously been denied, a section 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion. *Charles*, 180 F.3d at 756.

"On a successive challenge to a conviction, a petitioner may test the legality of his detention under section 2241 through the section 2255(e) savings clause by showing that he is 'actually innocent.'" *Id.* (emphasis in original); see also *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003)("The savings clause may only be applied when the petitioner makes a claim of actual innocence."); *Peterman*, 249 F.3d at 462 (concluding that the defendants' claims did not fall within any arguable construction of the "savings clause" because they did not show an intervening change in the law that established their actual innocence). But "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The petitioner must point to a decision demonstrating that he "stands convicted of 'an act that the law does not make criminal.'" *Id.* at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of section 2255. The Sixth Circuit held that a federal prisoner could bring a habeas petition under section 2241 to challenge his enhanced sentence as a career offender. But the Sixth Circuit limited its decision to a narrow subset of section 2241 petitions: (1) prisoners who were sentenced under

4

the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. *Hill*, 836 F.3d at 599-600.

Here, Bennett was sentenced before *Booker* made the sentencing guidelines advisory rather than mandatory, and he may be foreclosed from filing a successive motion to vacate sentence under section 2255. But Bennett cannot satisfy the third requirement. Bennett is not challenging a career-offender enhancement to his sentence. Instead, he is challenging the trial judge's failure to consider his mandatory consecutive sentence under section 924(c) when deciding the length of his sentence. "There is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris*, No. 17-cv-11771, 2017 U.S. Dist. LEXIS 110028, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) (unpublished).

Accordingly, Bennett's claim does not come within *Hill's* limited exception for bringing a section 2241 habeas petition to challenge a federal sentence, and because he is not claiming to be actually innocent of the crimes for which he is incarcerated, his remedy under section 2255 is not inadequate or ineffective. The Court, therefore, dismisses his section 2241 petition.

### III. Conclusion

The petition is dismissed. Bennett may proceed in forma pauperis if he appeals this decision because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3). He is not required to apply for a certificate of appealability because certificates of appealability are not needed in section 2241 cases "where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 12, 2017


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 12, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant